Filed 12/7/21  P. v. Dews CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEMARQIS DEAJOAN DEWS,<br><br>    Defendant and Appellant. | F080475<br><br>(Super. Ct. No. F08906679)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Plaintiff and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

In 2019, 10 years after defendant Demarqis Deajoan Dews was sentenced to 15 years' imprisonment, he filed a motion for a "Youth Offender Parole Hearing," stating he was 19 years old when the offense forming the basis of his convictions was committed. In his motion, defendant asked to make a record before the superior court of mitigating evidence tied to his youth, a proceeding as provided for in *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). The court denied the request on the grounds defendant would not be incarcerated during the 15th year of his term, and his determinate term of 15 years did not qualify him for youthful offender parole consideration. In his sole issue on appeal, defendant challenged the court's order denying the motion, arguing he was eligible for a youth offender parole hearing and seeking a limited remand to prepare a record as provided for in *Franklin*.

Because the defendant has since been released on parole, we dismiss defendant's appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2009, a jury convicted defendant of second degree robbery (Pen. Code § 211; count 1), enhanced by an allegation he personally used a firearm (§ 12022.53, subd. (b)), criminal threats (§ 422; count 2), enhanced by an allegation he personally used a firearm (§ 12022.5, subd. (a)), and dissuading a witness (§ 136.1, subd. (a)(1)) after he robbed a pizza deliveryman at gunpoint. The court sentenced defendant to a total term of 15 years. The trial court also credited defendant 396 days of actual time served and 58 days of presentence conduct credit, for a total of 455 days of presentence credit.[1]

---

[1]The record reflects defendant was awarded 58 days of conduct credit at the time of his November 2009 sentencing. Defendant recently alerted the trial court there was a miscalculation of his presentence conduct credit. Specifically, he asserted he should have received 59 days of presentence conduct credit. The court agreed with defendant and ordered the abstract of judgment to be amended to reflect 59 days of presentence conduct credit. The total credit for time served remained 455 days.

On November 18, 2019, defendant filed a motion arguing he was entitled to a youth offender parole proceeding pursuant to Penal Code section 1203.01 and *In re Cook* (2019) 7 Cal.5th 439 and, thus, should be able to make a record before the Superior Court of "mitigating evidence tied to his youth" (a *Franklin* proceeding).

The court denied defendant's motion, stating he was "not eligible for the requested relief as he will not be incarcerated during the 15th year of his term, and will not be entitled to a youthful offender parole hearing.  (Pen. Code, § 3051, subd. (b)(1).) [¶] Defendant's determinate term sentence of 15 years, would not qualify him for youthful offender parole consideration.  Eligible defendants are those who are serving a determinate term in excess of 15 years.  Defendant will be eligible for release on parole well before any youthful offender parole hearing would be required."

Defendant appealed, arguing the court erred in concluding he was ineligible for a youth offender parole hearing and that he should be entitled to a limited remand for the purpose of conducting a *Franklin* proceeding.  Following the parties' briefing, defendant filed a supplemental brief notifying the court he was released on parole in April 2021.

## DISCUSSION

In his November 2021 supplemental briefing, defendant reported he was released on parole on April 24, 2021, while his appeal was pending.  He further stated, "Since the issue of a youth offender parole hearing has been resolved, counsel has no further argument to make."  In their response brief, the People ask for defendant's appeal to be dismissed as moot in light of defendant's representation he has been released on parole.

"'"[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal"'" as moot."  (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.)

3.

Here, the only relief defendant sought in his appeal was a limited remand for a proceeding to preserve evidence for use at a later youth offender parole hearing. Because defendant has already been released on parole, it is not possible for this court to grant him any effectual relief. Thus, the sole issue raised in his appeal is now moot. And neither party argues, nor do we find, that an exception to the mootness doctrine applies.

**DISPOSITION**

The appeal is ordered dismissed.


PEÑA, J.

WE CONCUR:


POOCHIGIAN, Acting P. J.


DE SANTOS, J.

4.